IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DISTRICT

| | |
|---|---|
| KENT SLAUGHTER, on behalf of himself and others similarly situated, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 6:22-cv-03174-RK ) |
| BASS PRO, INC.; BPS DIRECT, LLC; BASS PRO OUTDOOR WORLD, LLC; BASS PRO GROUP, LLC; GREAT AMERICAN OUTDOORS GROUP, LLC; GREAT OUTDOORS GROUP, LLC; AMERICAN SPORTSMAN HOLDINGS CO., | ) ) ) ) ) ) ) ) |
| and | ) ) |
| JOHN DOES 1-100, | ) ) |
| Defendants. | ) |

**DEFENDANTS' MOTION TO DISMISS**

Pursuant to Federal Rule of Civil Procedure ("Rule) 12(b)(1) and 12(b)(6), Defendants Bass Pro, Inc., BPS Direct, LLC, Bass Pro Outdoor World, LLC, Bass Pro Group, LLC, Great American Outdoors Group, LLC, Great Outdoors Group, LLC, and American Sportsman Holdings Co. ("Defendants") hereby move the Court to dismiss Plaintiff's First Amended Class Action Complaint [ECF No. 8] ("Complaint").

In this purported putative class action, Plaintiff alleges he and other putative class members purchased Lifetime Guarantee All-Purpose Wool Socks ("Socks") from Defendant Bass Pro Outdoor World, LLC ("Bass Pro"), claiming that when the Socks became unusable and were presented for replacement, Bass Pro would replace the Socks with a new pair of socks ("Replacement Socks"). Plaintiff claims injury as a result of receiving Replacement Socks that

1

are not also Lifetime Guarantee All-Purpose Wool Socks, alleging violations of the Missouri Merchandising Practices Act ("MMPA"), breach of express warranty, violations of the Magnuson-Moss Warranty Act ("MMWA"), unjust enrichment, and fraud.

Pursuant to Rule 12(b)(1), Plaintiff's Complaint must be dismissed for lack of subject matter jurisdiction because Plaintiff has sustained no injury-in-fact, and thus, lacks standing. Bass Pro has not, and there is no allegation by Plaintiff that Bass Pro has, failed to honor the lifetime warranty when presented with a request for Replacement Socks. Plaintiff has therefore not suffered a cognizable injury, and there is no controversy for this Court to resolve. Plaintiff thus lacks standing to pursue this lawsuit or seek injunctive relief. Plaintiff also lacks standing to sue Bass Pro, Inc., BPS Direct, LLC, Bass Pro Group, LLC, Great American Outdoors Group, LLC, Great Outdoors Group, LLC, and American Sportsman Holdings Co. ("Improper Defendants")[1] because Plaintiff cannot show any alleged injury is traceable to such defendants.

Even if Plaintiff had standing, Plaintiff's Complaint must be dismissed pursuant to Rule 12(b)(6) because he fails to state any cause of action upon which relief can be granted. Plaintiff has failed to plead an adequate factual basis for the theories of liability he has asserted in his Complaint. Plaintiff's assertions that the lifetime warranty is not honored are entirely conclusory and fail to pass muster and state a plausible claim for relief. Plaintiff has never been denied a replacement of any pair of Socks. Plaintiff has not alleged a deceptive or unfair act, or any actual

---

[1] Although Defendant Bass Pro Outdoor World, LLC challenges Plaintiff's standing to maintain this action generally, in the event this Court determines that Plaintiff has sufficiently alleged and shown injury-in-fact, Defendant Bass Pro Outdoor World, LLC does not challenge Plaintiff's standing to maintain an action against it. Defendant Bass Pro Outdoor World, LLC acknowledges it sold Socks to consumers and offers Replacement Socks for those who purchased the Socks while they were still being sold to consumers. Plaintiff alleges he purchased his Socks from the Springfield Bass Pro Shops Outdoor World store. A simple search of the Missouri Secretary of State's website reveals that the Bass Pro store in Springfield is operated by Bass Pro Outdoor World, LLC.

damage, to establish his claims. Further, Plaintiff's shotgun naming of defendant entities "related to" Bass Pro is improper, and therefore, this Court should dismiss those entities.

In support of this motion, and pursuant to Local Rule 7.0, Defendants refer this Court to their Suggestions in Support of their Motion to Dismiss, filed contemporaneously herewith.

WHEREFORE, Defendants respectfully request that the Court grant their motion and dismiss Plaintiff's First Amended Class Action Complaint [ECF No. 8] in its entirety, with prejudice.

**HUSCH BLACKWELL LLP**

By: /s/ *Bryan O. Wade*
    Bryan O. Wade, Mo. Bar No. 41939
    E. Ryan Olson, Mo. Bar No. 66125
    Danielle J. Reid, Mo. Bar No. 71136
    901 St. Louis Street, Suite 1800
    Springfield, MO 65806
    Office: (417) 268-4000
    Fax No: (417) 268-4040
    Bryan.wade@huschblackwell.com
    Ryan.olson@huschblackwell.com
    Danielle.reid@huschblackwell.com
    ***Attorneys for Defendants***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing instrument was forwarded this 31st day of August, 2022, by operation of the Court's electronic filing system to all parties.

    /s/ *Bryan O. Wade*