IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| KENT SLAUGHTER, LARRY WATTS, CHRISTOPHER QUINN, KEVIN KEARBY, JAMES CAIN and FREDRICK HECKS, on their own behalf and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BASS PRO, INC, et al.,<br><br>Defendants. | Case No. 6:22-cv-03174-RK |

## DEFENDANTS' MOTION FOR SANCTIONS AND MEMORANDUM IN SUPPORT

Defendants Bass Pro, Inc., et al., ("Bass Pro"), pursuant to Federal Rule of Civil Procedure 37, file this Motion for Sanctions against Plaintiffs Kent Slaughter, Kevin Kearby, Chirstopher Quinn, and Frederick Hecks ("Plaintiffs"). For the reasons discussed below, Bass Pro respectfully requests that this Court dismiss these Plaintiffs with prejudice for their failure to supplement responses to Defendants' First Set of Interrogatories and First Request for Production of Documents, as well as attorneys' fees and other expenses incurred in connection with filing this Motion.

## FACTUAL BACKGROUND

Defendants served Plaintiffs Slaughter, Kearby, Quinn, and Hecks with Defendants' First Set of Interrogatories and First Request for Production of Documents on May 10, 2023. A copy of Defendants' requests are attached as ***Exhibits A1-A4 and Exhibits B1-B4*** respectively. Plaintiffs responded on June 9, 2023 by objecting to each of Defendants' requests. In response, Defendants

1

sent its first Golden Rule Letter to Plaintiffs, attached hereto as **Exhibit C**, on October 2, 2023, requesting Plaintiffs supplement their responses no later than October 10, 2023. Plaintiffs failed to respond by this date. The parties then held a discovery conference with Judge Ketchmark on October 12, 2013. Following this conference, Defendants granted Plaintiffs three separate extensions to file supplemental responses on November 20, November 27, and December 1, 2023. On December 8, 2023, Plaintiffs Slaughter, Kearby, Quinn, and Hecks supplemented their answers to interrogatory numbers 1-4. Plaintiffs failed to respond to interrogatory numbers 5-21, and instead maintained their prior objections or improperly referenced answers in interrogatory numbers 1-4. Plaintiffs Kearby and Quinn supplemented their responses to Defendants' First Requests for Production of Documents on December 8, 2023. However, Plaintiffs Hecks and Slaughter failed to supplement their responses to Defendants' document requests.

On December 21, 2023, Defendants' counsel held a meet and confer conference with Plaintiffs' counsel to discuss Plaintiffs' deficient answers. Following this meeting, Defendants sent a second Golden Rule Letter to Plaintiffs, attached hereto as **Exhibit D**, on January 2, 2024 requesting Plaintiffs supplement their answers and produce documents by January 17, 2024. Plaintiffs again failed to supplement their answers. Defendants held a second meet and confer conference with Plaintiffs on February 1, 2024. On March 5, one day prior to his deposition, Plaintiff Hecks produced two photos of his socks. These photos were initially requested in Defendants' First Requests for Production of Documents propounded on May 10, 2023.

On May 28, 2024, the parties appeared before Judge Ketchmark for a joint status and discovery hearing. At this hearing, Judge Ketchmark made clear that Plaintiffs' further failures to respond to Defendants' discovery requests could result in dismissal of the Plaintiffs who failed to respond. (**Exhibit E**, Transcript of Discovery Dispute p. 23:16-25 through 24:1-11). Despite this

2

warning from the Court, Plaintiffs continued to ignore Defendants' multiple requests for supplemental discovery.

On June 7, 2024, Plaintiff Quinn was deposed without supplementing his responses to interrogatory numbers 5-21 of Defendants' First Set of Interrogatories. On June 24, 2024, Defendants emailed Plaintiffs requesting deposition dates for Plaintiffs Slaughter and Kearby. Plaintiffs emailed Defendants on June 25 stating they would respond to this request by the following Friday, June 28. On June 28, 2024 Defendants sent Plaintiffs a third Golden Rule Letter ("Third Golden Rule Letter"), attached hereto as *Exhibit F*, which addressed the outstanding discovery in specificity as Judge Ketchmark recommended at the discovery hearing on May 28. In this letter, Defendants requested Plaintiffs supplement their responses by July 5, 2024.

On July 3, 2024, Plaintiffs' counsel, Trent Nelson informed Defendants that he would be taking a leave of absence and requested a two-week extension to respond to the June 28 golden rule letter. Defendants granted this extension, giving Plaintiffs until July 17 to supplement their responses in accordance with the Third Golden Rule Letter. Plaintiffs failed to supplement their discovery responses by July 17.

On July 24, 2024, Defendants sent a letter to Plaintiffs formally requesting a meet and confer conference. Plaintiffs responded to this letter stating they would get back to Defendants regarding the request. The parties spoke on July 29 and July 30 regarding the meet and confer letter sent on July 24. On August 1, Plaintiffs stated they would provide supplemental answers to interrogatory numbers 5, 7, 10, 11, 17, and 18, but would stand by their objections on the remaining interrogatories. (*See* **Exhibit G**, e-mail string between parties). Plaintiffs stated the responses would be supplemented no later than August 23. In this same communication, Plaintiffs' counsel

3

stated Plaintiff Slaughter would provide any non-privileged, responsive documents within his possession no later than August 23.

Plaintiffs then notified Defendants on August 22 that they would need until August 28 to provide supplemental discovery responses. (*See* **Exhibit H**, e-mail string between parties). Defendants accepted this delay but emphasized the need to receive the responses in sufficient time to review them before the individual plaintiff's depositions. Plaintiffs acknowledged Defendants' acceptance on August 23. (*See* **Exhibit I**, e-mail string between parties). On August 27, Plaintiffs notified Defendants that Plaintiffs had been unable to confirm availability and had been unable to connect for purposes of preparing supplemental answers. Plaintiffs also stated they would send supplemental discovery responses at least three business days before their respective depositions. This never happened.[1]

To date, only Plaintiffs James Cain and Larry Watts have supplemented their responses to Defendants' First Set of Interrogatories and Defendants' First Request for Production of Documents. Despite this, Defendants were forced to proceed with Plaintiffs' depositions because of the impending discover deadline—even though Plaintiffs failed to supplement relevant information requested by Defendants. Additionally, Plaintiff Kearby committed and then withdrew his availability for a deposition, requiring Defendants to reschedule Plaintiff Kearby's deposition four different times. Defendants finally were given the opportunity to depose Plaintiff Kearby at 4:30 p.m. on October 31, 2024, one day after the close of discovery, without the benefit of supplemental responses to discovery even though it had been agreed it would be provided.

---

[1] Supplementation was critical because two of the plaintiffs gave inconsistent oral testimony on whether they returned Lifetime or Ultimate Socks for replacement and there was no ability to compare their testimony with supplemental discovery responses.

4

# ARGUMENT

## I. Plaintiffs Slaughter, Kearby, Quinn, and Hecks should be dismissed for failure to properly respond to Defendants' discovery requests.

The Federal Rules of Civil Procedure allow parties to be sanctioned for failure to supplement interrogatories. Fed. R. Civ. P. 37(c)(1). The Rules authorize dismissal as a sanction for such nonappearance and failure to supplement discovery responses. Fed. R. Civ. P. 37(c)(1)(C); 37(d)(A)(i); 37(d)(B)(3); 37(b)(2)(A)(v). "When a litigant's conduct abuses the judicial process, dismissal of a lawsuit is a remedy within the inherent power of the court." *Martin v. DaimlerChrysler Corp.*, 251 F.3d 691, 694 (8th Cir. 2001) (citing *Pope v. Fed. Express Corp.*, 974 F.2d 982, 984 (8th Cir. 1992). Sanctions under Rule 37 are proper when there is an "order compelling discovery, a willful violation of that order, and prejudice to the other party." *Chrysler Corp. v. Carey*, 186 F.3d 1016, 1019 (8th Cir. 1999). "Willful failure to answer interrogatories may be the basis for a dismissal." *Fox v. Studebaker-Worthington*, 516 F.2d 989, 993 (8th Cir. 1975). Plaintiffs Slaughter, Kearby, Quinn, and Hecks' flagrant abuse of the discovery process warrant dismissal.

Here, Plaintiffs failed to supplement their responses to Defendants' First Set of Interrogatories despite Defendants' multiple Golden Rule Letters and this Court's May 28, 2024 direction for Plaintiffs to supplement their responses. Further Plaintiff Slaughter failed to supplement his responses to Defendants' First Request for Document Production, as directed by this Court, and Plaintiff Hecks only supplemented his responses to Defendants' First Request for Document Production by providing two pictures of his socks one day before his deposition.

Additionally, after repeated attempts to schedule Plaintiff Kearby's deposition, Plaintiff Kearby finally made himself available for one hour at 4:30 p.m. on October 31, 2024—Halloween

5

night—appearing for half of the Zoom deposition by voice call and with no camera. Plaintiffs have repeatedly engaged in willful violation of the Federal Rules of Civil Procedure regarding discovery and this Court's direction to supplement discovery. Such willful conduct has prejudiced Defendants by forcing Defendants to repeatedly expend resources to have Plaintiffs participate in their own case and by forcing Defendants to proceed with depositions without requisite information as requested in Defendants First Set of Interrogatories and First Request for Production of Documents, which were propounded on May 10, 2023.

As a result, this Court may properly dismiss Plaintiffs' claims in the lawsuit for their willful violation of the Federal Rules of Civil Procedure and this Court's direction to supplement discovery responses. *See Houston v. Cnty. of Boone*, 2019 WL 4936044, at *7 (W.D. Mo. August 23, 2019) (dismissing the plaintiff's claims for failure to supplement or offer corrective information) and *Chambers v. NASCO*, 501 U.S. 32, 33 (noting courts have the "inherent power to punish conduct which abuses the judicial process," which can include dismissal of a lawsuit).

Supreme Court precedent also supports Plaintiffs' dismissal. In *National Hockey League v. Metropolitan Hockey Club*, the Supreme Court upheld a ruling by a district court that dismissed a party for flagrant violations of discovery orders. 427 U.S. 639 (1976). There, the district court explained the plaintiffs' conduct demonstrated a "callous disregard of the responsibilities counsel owe to the Court and their opponents." *Id*. at 650. This was because "crucial interrogatories remained unanswered despite numerous extensions granted at the eleventh hour and, in many instances, beyond the eleventh hour, and notwithstanding several admonitions by the Court and promises and commitments by the plaintiffs" over a period of seventeen months. *Id*. The district court emphasized that the plaintiffs' conduct "exemplif[ied] flagrant bad faith when after being expressly directed to perform an act by a certain date, they failed to perform . . . Moreover, this

action was taken in the face of warnings that their failure to provide certain information could result in the imposition of sanctions [sic] under Fed.R.Civ.P. 37." *Id*. at 640-41.

Here, Plaintiffs failed to supplement their discovery responses for 18 months—one month beyond that of the plaintiffs in *National Hockey*. Plaintiffs' failure to supplement was despite Defendants three Golden Rule Letters, two meet and confer conferences, and direction from the Court on May 28, 2024 requiring Plaintiffs to supplement their responses. Such action shows Plaintiffs' flagrant, bad faith conduct in pursuing Plaintiffs' claims. Accordingly, Plaintiffs Slaughter, Kearby, Quinn, and Hecks should be dismissed from this lawsuit for their failure to participate in discovery and to remedy the prejudice to Defendants as a result of Plaintiffs' failure to participate in discovery.

## CONCLUSION

Accordingly, Bass Pro respectfully requests that this Court grant its Motion for Sanctions by dismissing these Plaintiffs with prejudice and ordering Plaintiffs to pay Bass Pro its attorneys' fees and costs associated with filing this motion, and that the Court grant such other and further relief as it deems just and proper.

Dated: November 5, 2024

Respectfully submitted,

**HUSCH BLACKWELL LLP**

By: /s/ *Bryan O. Wade*
    Bryan O. Wade, Mo. Bar No. 41939
    Jacob H. Addington, MO Bar No. 76530
    3810 E. Sunshine St., Suite 300
    Springfield, MO 65809
    Office: (417) 268-4000
    Fax No: (417) 268-4040
    bryan.wade@huschblackwell.com
    jake.addington@huschblackwell.com
    ***Attorneys for Defendants***

## CERTIFICATE OF SERVICE

     The undersigned hereby certifies that a true and accurate copy of the foregoing instrument was forwarded this 5th day of November, 2024, by operation of the Court's electronic filing system to all parties.

                                      /s/ *Bryan O. Wade*